IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GLENDA S. BLANKENSHIP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-04-CV-222-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Glenda S. Blankenship seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled due to depression and fibromyalgia. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. This hearing was held on April 11, 2002. At the time of the hearing, plaintiff was 50 years old. She has a high school education and past work experience as a display merchandiser and as a secretary. Plaintiff has not engaged in substantial gainful activity since November 30, 1996.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from a variety of physical and mental impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further

determined that plaintiff had the residual functional capacity to perform a significant range of light work, but could not return to her past employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a shelving clerk, a cashier clerk, and a mail room clerk--jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## II.

In her sole ground for relief, plaintiff argues that the assessment of her mental residual functional capacity is not supported by substantial evidence.

### A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected

to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

The ALJ determined that plaintiff had the residual functional capacity to perform a significant range of light work despite "moderate levels of pain, discomfort, [ ] fatigue, and . . . mild to moderate memory loss on an occasional basis[.]" (Tr. at 22, 24).[1] Plaintiff argues that this finding fails to give proper weight to the opinion of Dr. David M. Sabine, a consultive examiner, who evaluated plaintiff on February 7, 2001. In his psychological evaluation, Dr. Sabine noted that plaintiff had "a moderate impairment in Attention," "severe impairments in Memory and Judgment," and "a significant learning problem where verbal information is concerned[.]" (*Id.* at 256). Plaintiff criticizes the ALJ for failing to address Dr. Sabine's report in the hearing decision. Had the judge carefully considered this opinion, plaintiff believes that she would have been found disabled.

---

[1] The ALJ also found that plaintiff was able to lift or carry up to 20 pounds occasionally and up to 10 pounds frequently, to walk or stand for a total of four hours and sit for at least six hours during an eight-hour workday, and to kneel on an occasional basis, but needed to avoid unprotected heights, dangerous machinery, and concentrated exposure to poor ventilation. (Tr. at 22, 24). Plaintiff does not challenge that finding.

The social security regulations require an ALJ to examine a variety of factors in evaluating medical opinions from various sources. *See* 20 C.F.R. § 404.1527(d). Among these factors are the examining relationship, the nature and extent of the treatment relationship, support provided by other evidence, consistency with the record, and specialization of the medical source. *Id.* Although the ALJ must specifically address each of these factors when he declines to give "controlling weight" to a *treating source* opinion, nothing in the regulations requires the judge to recite this litany when rejecting a *consulting source* opinion. *Cf. id.* § 404.1527(d)(2) (opinion of treating source cannot be rejected absent good cause for reasons clearly articulated in hearing decision); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Rather, the ALJ need only consider the consulting source opinion and give appropriate explanations for accepting or rejecting it. SSR 96-5p, 1996 WL 374183 at *5 (SSA Jul. 2, 1996).

The court initially observes that the ALJ's failure to mention Dr. Sabine's psychological evaluation does not mean he did not consider this evidence. To the contrary, the judge explicitly stated that he considered "all of the medical opinions in the record." (Tr. at 24). The hearing decision further indicates that the judge made fact-based judgments after careful consideration of the record as a whole. *See Hammond v. Barnhart*, 124 Fed.Appx. 847, 851, 2005 WL 548253 (5th Cir. Mar. 8, 2005). But even if the ALJ erred in not explaining his reasons for rejecting Dr. Sabine's opinion regarding the severity of plaintiff's mental limitations,[2] a remand is not justified unless this procedural error "cast[s] into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). *See also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (remand required only if "substantial rights of a party have been affected").

---

[2] The Commissioner acknowledges that "it is not evident from the decision whether the ALJ specifically refers to Dr. Sabine's evaluation." (Def. MSJ Br. at 7).

Here, there is ample evidence in the record to support the finding that plaintiff is not disabled. In addition to the psychological evaluation performed by Dr. Sabine, plaintiff was examined by Dr. Jack R. Tomlinson, a psychiatrist, who concluded that her judgment, insight, and memory were intact, that she was goal-directed in her thinking, and that she was of at least average intelligence. (Tr. at 169). The record also contains the results of two mental residual functional capacity assessments performed by consulting psychiatrists. In November 2000, Dr. Richard J. Alexander indicated that plaintiff was only moderately limited in her ability to carry out detailed instructions, to maintain attention and concentration for extended periods, and to respond appropriately to changes in the work setting. (*Id.* at 185-86). No other significant mental limitations were noted. (*Id.*). Dr. A. Boulous reached the same conclusion in March 2001-- just one month after plaintiff was examined by Dr. Sabine. (*Id.* at 362). These other evaluations constitute substantial evidence that plaintiff's mental limitations do not preclude her from performing a significant range of light work. *See Hammond*, 124 Fed.Appx. at 853 (ALJ's failure to articulate weight given to opinions of two consulting psychologists was harmless error); *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir. 1983) (same).[3]

## **CONCLUSION**

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: November 28, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The resolution of this issue pretermits plaintiff's related argument that the hypothetical presented to the vocational expert failed to include the mental limitations noted by Dr. Sabine.